IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| INDUSTRIAL ENTERPRISES, INC. | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. RDB-07-2239 |
| PENN AMERICA INSURANCE COMPANY | * | |
| | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

This case involves the insurance implications of Plaintiff Industrial Enterprises, Inc.'s ("Industrial") defense against the Environmental Protection Agency ("EPA"). Pending before this Court are three motions styled as Federal Rule of Civil Procedure 59(e) motions: 1) Industrial's Motion to Alter Judgment to Include Calculated Prejudgment Interest (Paper No. 104); 2) Industrial's Motion to Alter Judgment to Include Defendant's Ongoing Reimbursement Obligation to Plaintiff (Paper No. 105); and 3) Defendant Penn America Insurance Company's ("Penn America") Motion to Amend Judgment (Paper No. 106). These motions seek amendment and alteration of this Court's June 12, 2009 Order and Partial Judgment (Paper No. 103). The issues presented by the pending motions have been fully briefed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, Industrial's Motion to Alter Judgment to Include Calculated Prejudgment Interest (Paper No. 104) which is properly considered under Federal Rule of Civil Procedure 60(a) is GRANTED; Industrial's Rule 59(e) Motion to Alter Judgment to Include Defendant's Ongoing Reimbursement

Obligation to Plaintiff (Paper No. 105) is DENIED; and Penn America's Rule 59(e) Motion to Amend Judgment (Paper No. 106) is DENIED.

## BACKGROUND

The complete factual and procedural background of this case has been fully set forth in this Court's June 12, 2009 Memorandum Opinion and a lengthy discussion herein is not necessary.

On August 23, 2007, Industrial filed a lawsuit in this Court seeking a declaration regarding Penn America's duty to defend Industrial pursuant to its insurance contract. On September 3, 2008, this Court issued a Memorandum Opinion (Paper No. 37) and accompanying Order and Partial Judgment (Paper No. 38) ("September 3, 2008 judgment") granting partial summary judgment to Industrial on its claim that Penn America had an obligation to defend Industrial against the EPA's administrative action under the terms of its comprehensive general liability insurance policy. *See* Mem. Op. at 7-12 (Paper No. 37). On May 7, 2009, this Court awarded Industrial defense costs of $89,070 for outside consultant fees. *See* Mem. Op. at 3-11 (Paper No. 77).

On June 12, 2009, following a three day bench trial commencing on June 1, 2009, this Court issued a Memorandum Opinion (Paper No.102) and accompanying Order and Judgment (Paper No. 103) ("June 12, 2009 judgment") ordering Penn America to reimburse Industrial $465,774 for the attorney's fees and expenses it incurred defending against the EPA's claims. *See* Mem. Op. at 15-24 (Paper No. 102). This Court also awarded Industrial prejudgment interest on the defense costs owed by Penn America to be calculated at six percent per annum, as required by Maryland state law. *See* Mem. Op. at 24-25 (Paper No. 102).

The present motions seek to alter the June 12, 2009 judgment. On June 17, 2009,

Industrial filed a Rule 59(e) Motion to Alter Judgment to Include Calculated Prejudgment Interest (Paper No. 104). On June 22, 2009, Industrial filed a Rule 59(e) Motion to Alter Judgment to Include Defendant's Ongoing Reimbursement Obligation to Plaintiff (Paper No. 105).

On June 26, 2009, Penn America filed a Rule 59(e) Motion to Amend Judgment (Paper No. 106) to clarify this Court's holding to reflect the proper allocation of the defense costs incurred by Industrial and to reduce the judgment against Penn America by half.

## STANDARD OF REVIEW

**A)**     **Rule 59(e)**

The United States Court of Appeals for the Fourth Circuit has repeatedly recognized that a judgment may be amended under Rule 59(e) of the Federal Rules of Civil Procedure in only three circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (*citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys.*, 116 F.3d 110, 112 (4th Cir. 1997); *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993)). Rule 59(e) does not permit a party to "raise arguments which could have been raised prior to the issuance of the judgment," nor does it enable a party to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co.*, 148 F.3d at 403.

It is, however, permissible for a district court to clarify a previous judgment under the auspice of Rule 59(e) without necessarily amending it, so long as it is filed within ten days of judgment. *See Cappachione v. Charlette-Mecklenburg Sch.*, 190 F.R.D. 170, 175 (W.D.N.C.

1995) ("A post-judgment motion for clarification requesting a court to interpret the scope of its injunction is properly made under Rule 59(e)[.]"); *Belair v. Lombardi*, 151 F.R.D. 698, 699 (M.D. Fla. 1993) ("A motion to clarify an order as to the court's intent regarding the continuation of state court proceedings is considered a motion to alter or amend the judgment, under Rule 59(e).").

**B) Rule 60(a)**

Federal Rule of Civil Procedure 60(a) provides in part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." The Fourth Circuit has recognized that Rule 60(a) is properly "utilized to perform a completely ministerial task (such as making a judgment more specific in the face of an original omission), but not to revisit the merits of the question or reconsider[] the matter." *Caterpillar Fin. Servs. Corp. v. F/V Site Clearance I*, 275 Fed. Appx. 199, 204-205 (4th Cir. 2008) (*quoting Kosnoski v. Howley*, 33 F.3d 376, 379 (4th Cir. 1994)) (internal quotation marks omitted).

## ANALYSIS

**I. Industrial's Motion to Alter Judgment to Include Calculated Prejudgment Interest**

Penn America argues that Industrial's Motion to Alter Judgment should be denied since it does not meet the requirements of Rule 59(e). While Industrial has brought its Motion under Rule 59(e), it is well established that motions such as these are properly brought under Rule 60(a). A party that seeks to amend a judgment that generally awards prejudgment interest such that it specifies the sum of prejudgment interest due must rely upon Rule 60(a). *See Kosnoski v.*

*Howley*, 33 F.3d 376, 378 (4th Cir. 1994).  However, "the function of the motion, and not the caption, dictates which [procedural rule] is applicable." *United States v. Fiorelli,* 337 F.3d 282, 287-88 (3d Cir. 2003); *see also Hanan v. United States*, 402 F. Supp. 2d 679, 688 (E.D. Va. 2005) ("Were a contrary result to obtain, the outcome of the motion might well depend on how the motion was styled rather than the strength of its supporting evidence.").  The function of Industrial's Motion to Alter is to ask this Court to correct an omission by performing the "completely ministerial task" of supplying a figure to the judgment that indicates the appropriate total of prejudgment interest, the amount of which was fixed at the time of the entry of judgment. *Kosnoski*, 33 F.3d at 379.  Since this ministerial task is the type of error that is properly within the scope of Rule 60(a), this Court will properly consider Industrial's Motion to Alter as a Rule 60(a) motion.  *See also Glick v. White Motor Co.*, 458 F.2d 1287, 1293-94 (3d Cir. 1972) (district court did not err in entertaining, under Rule 60(a), a motion for prejudgment interest notwithstanding that it was filed under Rule 59(e)).

Penn America also unsuccessfully challenges the admissibility of the documents Industrial submits in support of its Motion to Alter.  Penn America argues that there is no way to evaluate the accuracy of the spreadsheets Industrial provides as the basis for its calculations because they are merely a summary of voluminous writings under Federal Rule of Civil Procedure 1006.  Penn America explains that these summaries are improper because Industrial never produced or made available the underlying payment records, as Rule 1006 requires.  However, as Industrial describes in its Reply, Penn America was given an opportunity to view the underlying payment records.  Reply at 2-4 & Ex. B (Paper No. 111).  Furthermore, the dates of Industrial's payments prior to trial were admitted during trial as evidence.  There is no dispute

that both parties understood that prejudgment interest had been awarded, that Maryland law set the rate of prejudgment interest at six percent and that both parties understood the time frame for computation. Accordingly, this Court GRANTS Industrial's Motion to Alter the defense costs awarded to incorporate the prejudgment interest owed by Penn America.

## II.     Industrial's Motion to Alter Judgment to Include Defendant's Ongoing Reimbursement Obligation

Industrial's Motion to Alter the June 12, 2009 judgment to describe Penn America's continuing duty to Industrial, while properly brought under Rule 59(e), is unnecessary since this language is already included in the September 3, 2008 judgment. As both parties recognize, this Court explicitly ruled in its September 3, 2008 judgment that Penn America has a duty to provide "defense costs… for claims asserted against Industrial by the [EPA] in connection with the 68th Street Dump Site beginning July 9, 1999 and continuing until such time when the claims have been limited to ones outside the policy coverage." (Paper No. 38.) Since Industrial's Motion requests supplementing the June 12, 2009 judgment with information this Court has already included in its September 3, 2008 judgment, its Motion is DENIED.

## III.     Penn America's Motion to Amend Judgment

Penn America's Rule 59(e) Motion to Amend the June 12, 2009 judgment to reduce the amount of defense costs it is liable for reasserts precisely the same issue that has been previously raised and rejected by this Court. As Penn America acknowledges, this issue has been briefed extensively and raised on two separate occasions. Furthermore, this issue has been denied both times it has been raised, including in this Court's Memorandum Opinion dated May 7, 2009, and during the May 27, 2009 pretrial conference. Mem. Op. at 9-10 (Paper No. 77). As the May 7, 2009 Memorandum Opinion clearly explains: "this Court does not adopt Penn America's

argument that defense costs are prorated under Maryland law." Mem. Op. at 10, n. 7 (Paper No. 77). Although Penn America purports to raise a new argument that justifies an amendment to "correct a clear error of law or prevent manifest injustice," Penn America ignores the fact that Rule 59(e) does not permit a party to "raise arguments which could have been raised prior to the issuance of the judgment," nor does it enable a party to "argue a case under a novel legal theory that the party had the ability to address in the first instance." *Pacific Ins. Co.*, 148 F.3d at 403. Therefore, there is no basis to amend the June 12, 2009 judgment on this ground, and Penn America's Motion is DENIED.

## CONCLUSION

For the reasons stated above, Plaintiff Industrial's Motion to Alter Judgment to Include Calculated Prejudgment Interest (Paper No. 104) is GRANTED; Plaintiff Industrial's Motion to Alter Judgment to Include Defendant's Ongoing Reimbursement Obligation to Plaintiff (Paper No. 105) is DENIED; and Defendant Penn America's Motion to Amend Judgment (Paper No. 106) is DENIED. A separate Order follows.


Dated: November 3, 2009                          /s/_____
                                                 Richard D. Bennett
                                                 United States District Judge